## Cassatt's Estate

186

*Larzelere & Wright, Drinker, Biddle & Reath,* and *Leslie M. Swope,* for petitioner.

*High, Dettra & Swartz* and *Barnes, Myers & Price,* for accountants.

*Donaldson Cresswell,* guardian ad litem.

HOLLAND, P. J., February 6, 1942. — The petition was served with the citation upon all interested parties, and an answer was filed by the trustees, and an answer and supplemental answer were filed by the guardian and trustee ad litem. Replications were filed joining issue.

The important averments of fact in the petition are substantially established by the stipulation of counsel, including the guardian and trustee ad litem in propria persona, filed March 10, 1941. During the years 1934, 1935, 1936, and 1937, as shown by paragraphs 9 and 10 of the stipulation, Fidelity-Philadelphia Trust Company, which was trustee under several indentures, as to which the testamentary trustees had purchased and held bonds or mortgage participations secured by said mortgages, had foreclosed said mortgages. The proportionate share of the charges on account of these foreclosures chargeable against this trust were charged against the income thereof. The net excess of said income credits on account of said charges over the gross income debits representing income received from the investments amounted to a deficit or loss of $10,190.60. At the audit of the fourth trustees' account, no question was raised as to this deficit being charged against the income generally.

The Treasury Department of the United States proposes to tax petitioner upon this amount as distributed

income, although the same has never been received by him, upon the authority of Nirdlinger's Estate, 331 Pa. 135, according to which the deficits should have been charged to principal, thereby enhancing the income due petitioner by a like sum.

Petitioner contends that he should have this sum of $10,190.60 if he is compelled to pay income tax upon it. Furthermore, whether or not he got the idea originally from the Treasury Department of the United States, he certainly now contends that it should be paid to him because it belongs to him, which second reason is more compelling to the court than the first one.

The sum in question is still in the possession and control of the trustees, carried in principal.

It is substantially conceded, and, where not conceded, the court finds it as a conclusion of law, that, as a matter of substantive right, petitioner would be entitled to this sum under Nirdlinger's Estate, supra, and Levy's Estate, 333 Pa. 440, if it were an accounting of the trust before the court now.

Section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, places no limitation upon our considering the petition for review, as it was presented to the court well within five years from the date of final confirmation of the adjudication. The question, therefore, seems to be whether the adjudication is res judicata and the law of the case finally settling the issue now raised by petitioner.

In re Scott's Trust, 40 D. & C. 227, appears to state the principles applicable to this case, and we could very well dismiss the petition on the authority thereof, were it not for certain practical considerations we will mention in a moment.

The mere failure of petitioner to raise and have the court pass upon the question at the audit of the fourth trustees' account does not constitute the adjudication as res judicata or the law of the case as to the alloca-

tion of this deficit caused by carrying charges of foreclosed properties. The proper allocation of this deficit, which in this case should be to principal, could be made upon the next or fifth accounting. We also agree that this case presents no error of law apparent on the face of the record and that generally a change in the law or mistaking the law is not necessarily ground for opening and reviewing an account absolutely confirmed.

Inasmuch as there is no apparent reason for an accounting of the trust at this time, we deem it unreasonably expensive to cause an accounting to be filed for the sole purpose of deciding this question. It would seem that this would be visiting upon the trust an unnecessary and superfluous expense in the way of administration expenses when there does not appear to be any other reason for the filing of an account at this time. We, therefore, are of the opinion that, with the full approval of the soundness of the decision in In re Scott's Trust, supra, as a practical matter we should dispose of the question upon this petition for review, open the adjudication and direct the proper allocations as between principal and income. It is altogether likely that in other cases, where reasons appear that an account should be filed within a short period after the filing of the petition for review notwithstanding, we might decide otherwise. However, no such other reasons appear why an account should be filed in this trust in the immediate future, so we deem it sound to dispose of the question upon this proceeding which has been invoked and which is now before us. As we have indicated above, there can be no doubt as a substantive matter that petitioner is entitled to the fund in question as income due him and that the same should be paid out of the principal to him and a credit allowed in principal to the accountants for the payment.

And now, February 6, 1942, the prayer of petitioner is granted, the adjudication is opened, and upon re-

view thereof, there is awarded out of principal to petitioner, Robert Kelso Cassatt, the sum of $10,190.60, as income due him as shown by the stipulation filed in this proceeding, and an additional credit is allowed the accountants in principal for said sum; there is awarded to Donaldson Cresswell, guardian ad litem and trustee ad litem as aforesaid, a fee of $300 to be paid out of the principal of the trust.